CLEGG EVANDER SELL, JR., AND DONNA HARRIS SELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sell v. Commissioner
Docket No. 1756-85.
United States Tax Court
T.C. Memo 1985-556; 1985 Tax Ct. Memo LEXIS 74; 50 T.C.M. (CCH) 1395; T.C.M. (RIA) 85556; November 12, 1985. Clegg Evander Sell, Jr., and Donna Harris Sell, pro se. Deborah L. Hildebran, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121. [1]
Respondent issued a notice of deficiency to petitioners on October 30, 1984. In the notice of deficiency respondent determined that petitioners were not entitled to claim the amount of $2,073.00 as a residential energy credit under section 44C on their 1980 joint Federal income tax return. Petitioners *75 reported this amount as an expenditure for renewable energy source geothermal property described in section 44C(c)(5). These expenditures were made in 1980. Respondent filed his motion for summary judgment on September 9, 1985. In his motion respondent claims that there is no genuine issue of material fact as to whether the property to which the expenditure relates is renewable energy source geothermal property described in section 44C(c)(5)(a)(i) as the energy source is not geothermal under the temperature limitation described in section 1.44C-2(h), Income Tax Regs. In their petition, petitioners do not assert that the temperature limitation has been satisfied but claim that the temperature limitation was inapplicable to them pursuant to the language of U.S. Department of the Treasury Publication 903, (Rev. Nov. 1979) "Energy Credits for Individuals." This was the only issue raised in the petition. In their response to respondent's motion filed on October 17, 1985, petitioners again do not dispute that the temperature limitation was not met nor do they raise any other issue in relation to the technical requirements of section 44C. A decision will be rendered on a motion for *76 summary judgment if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b). Here, both parties concede that there is no genuine issue of material fact, and consequently our determination is limited to the application of the law to the facts presented. Section 44C(a)(2) generally provides that an individual taxpayer shall be allowed a credit for qualified renewable energy source expenditures.A renewable energy source expenditure must be made with respect to renewable energy source property. Sec. 44C(c)(2)(A). Renewable energy source property specifically includes certain property which transmits or uses energy derived from geothermal deposits. Sec. 44C(c)(5). On November 27, 1980, respondent issued final regulations relating to section 44C. T.D. 7717, 1980-2 C.B. 7-8. These regulations provide, in pertinent part: (h) Geothermal energy property. The term "geothermal energy property" includes equipment (and parts solely related to the functioning *77 of such equipment) necessary to transmit or use energy from a geothermal deposit to heat or cool a dwelling or provide hot water for use within the dwelling. * * * A geothermal deposit is a geothermal reservoir consisting of natural heat which is from an underground source and is stored in rocks or in an aqueous liquid or vapor (whether or not under pressure), having a temperature exceeding 50 degrees Celsius as measured at the wellhead or, in the case of a natural hot spring (where no well is drilled), at the intake to the distribution system. [Sec. 1.44C-2(h), Income Tax Regs.] On May 23, 1979, respondent published section 1.44C-2(h), Income Tax Regs., in proposed form in the Federal Register (44 Fed. Reg. 29924 (1979)).Section 1.44C-2(h), Income Tax Regs., in proposed form differed from the final regulations only with respect to the temperature limitation for a geothermal deposit. The final regulation reduced the temperature requirement of a geothermal deposit from 60 degrees Celsius to 50 degrees Celsius. Prior to issuing the final regulations the Department of Treasury issued Publication 903 (Rev. Nov. 1979) "Energy Credits for Individuals." This publication *78 provided, in pertinent part: RENEWABLE ENERGY SOURCE COSTS The renewable energy source property, to qualify, must be new, must be expected to last at least 5 years, and must meet certain performance and quality standards to be set by the Secretary of the Treasury. As of the date of this publication, no performance and quality standards have been issued. However, the property does not have to meet the standards if you buy it before the standards are published.
* * * Renewable energy source property includes the following: * * * Geothermal energy equipment * * * Geothermal energy property is equipment that uses geothermal energy to heat or cool the home or to provide hot water for use within the home. This is done by distributing or using geothermal deposits. A geothermal deposit is a geothermal reservoir containing natural heat stored in rocks, water, or vapor. For example, hot springs are a geothermal deposit. [U.S. Department of the Treasury Publication 903, (Rev. Nov. 1979) "Energy Credits for Individuals," pp. 2-3.] [Emphasis added.] Petitioners do not dispute that they do not meet the temperature limitation for geothermal deposits. However, petitioners *79 argue that the temperature limitation should not be applied to them. Specifically they assert: (1) The regulation itself and especially Publication 903 are ambiguous. The word "property" can as easily apply to land as it does to equipment. (2) The intent of Congress in passing the Energy Tax Act of 1978 was to give tax payers a tax credit to install systems that conserve energy. The system we have purchased does conserve energy and satisfies this intent. (3) But most importantly, it is the responsibility of a government to identify the laws and regulations of a country so that they are understandable by the average citizen. This is also a responsibility of the Internal Revenue Service. The regulations and the timing of the identification of these regulations that applied to geothermal energy in 1979 and 1980 were thoroughly confusing and specific standards difficult to determine even for a tax accountant, much less for the average citizen. This fact is reinforced by the vast number of identical cases presently outstanding today. Petitioners' first argument does not address the issue before us. The petition only raises the issue of retroactive application of the temperature *80 limitation found in section 1.44C-2(h), Income Tax Regs. Initially, we note that regulations apply retroactively unless otherwise specified. Sec. 7805; Automobile Club of Michigan v. Commissioner,353 U.S. 180, 184 (1957). We have previously determined that the temperature limitation is a valid exercise of the authority of the Secretary of the Treasury to provide standards to determine "geothermal deposits." Peach v. Commissioner,84 T.C. 1312, 1317 (1985). [2] This temperature restriction does not, as petitioners maintain, provide a standard for property which "transmits or uses" such "geothermal deposits." Therefore, petitioners' contention that Publication 903 stated that standards for "geothermal deposits" need not be met prior to the publication of performance and quality standards by the of the Treasury is incorrect.
Additionally, petitioners made the expenditures at issue in 1980, after the proposed regulations with the temperature limitation for geothermal deposits had been published. Clearly *81 petitioners should have been on notice that a geothermal deposit would have to meet a temperature limitation. Petitioners' second argument likewise will not permit them to prevail. Congress did not include all energy saving expenditures within the statute. Sec. 44C(c)(1), (2). The expenditures for renewable energy source property which petitioners claim that they made were clearly limited by statute to property described in section 44C(c)(5). Petitioners concede that their expenditures do not qualify under the statute, as explained by the regulations, and we will not make unwarranted incursions on the domain of Congress. Associated Hospital Services v. Commissioner,74 T.C. 213, 231 (1980), affd. per order (5th Cir., Mar. 25, 1981). Finally, petitioners argue that the regulations ought to be written in common parlance so that they are understandable to the "average citizen." While we sympathize with petitioners' unsuccessful attempt to comprehend a complicated statutory provision and the associated administrative interpretation, we cannot sustain petitioners' claim on this ground. As the Supreme Court stated in Commissioner v. South Texas Lumber Co.,333 U.S. 496, 501 (1948): *82 Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes in that they constitute contemporaneous constructions by those charged with administration of these statutes which should not be overruled except for weighty reasons. [Citations omitted.] Clearly, the Supreme Court did not contemplate that a regulation would be disregarded because its language is more technical than that normally encountered by the "average citizen." To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue.↩
2. See also Reddy v. Commissioner,T.C. Memo. 1984-395, affd. in an unpublished opinion     F.2d     (4th Cir. 1985)↩.